## Verner Z. Reed, III v. Brooks H. Barron, H. Peter Dresser, and The Union Bank

[381 A.2d 1065]

No. 140-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed December 20, 1977

*Francis R. Peisch*, Burlington, for Plaintiff.

*Sargent & White*, Morristown, for Defendant Union Bank.

**Barney, C.J.** The plaintiff took a second mortgage back from the defendant purchasers on sale of certain property. The first mortgage was held by the defendant bank and contained an accrual clause to cover subsequent advances. The plaintiff, at the time the second mortgage was executed, directed his attorney to give the notice called for in 8 V.S.A. § 1207, to enable him to hold his secured position as against any subsequent advances by the bank. For some reason, his attorney did not give that notice until more than a year later. In the meantime, further sums were in fact loaned the defendants by the bank. The issue before the trial court on a petition for declaratory judgment, found in favor of the bank, was whether the first mortgage security applied to these advances through the accrual clause so that they came ahead of the claim secured by the second mortgage.

The trial court found the advances to be made by the bank under the security of the accrual clause on the basis of testimony given by officers of the bank. The evidence was that no financial statements as required by 8 V.S.A. § 1205 in the absence of security for loans of this size were filed. The court also found the testimony from the defendants Barron and Dresser, experienced real estate brokers, that they were unfamiliar with accrual clauses, unworthy of credit.

These findings were relevant to the issue of the defendant bank's burden to establish that the money advanced after the execution of the mortgage was intended by the parties to be secured thereby. *Bloom* v. *First Vermont Bank & Trust Co.*, 133 Vt. 407, 410, 340 A.2d 78 (1975). The testimony in the case is for the trier to evaluate with respect to its credibility, weight and persuasiveness, and given supporting evidence, findings made below must be affirmed, unless clearly erroneous. V.R.C.P. 52;

*LaFountain* v. *Vermont Employment Security Board*, 133 Vt. 42, 44, 46, 330 A.2d 468 (1974). The findings in this case meet that standard.

It is the contention of the plaintiff, however, that there is no justification in the evidence for saying that there was any intention expressed by the defendant real estate brokers that they intended to have their later advances and notes secured under the accrual clauses. Without that, the plaintiff claims, this case does not meet the test of *Bloom* v. *First Vermont Bank & Trust Co., supra,* 133 Vt. 407, 410, 340 A.2d 78 (1975). An examination of that case is in order.

The crucial distinction appears immediately. In the *Bloom* case the trial court found, and this Court affirmed, that the advances in question were intended by both the bank in question and the borrower to be part of an unsecured line of credit. The provisions of 8 V.S.A. § 1205 relating to a loan application and financial statement were carried out, a requirement unnecessary if the advances were made under the accrual clause. In short, the evidence made out an affirmative showing that the loan was intended not to be any part of an obligation secured by an accrual mortgage. The bank, having advanced the money outside of the accrual clause, was not permitted to shift its ground. That is not this case.

In the case at hand, all parties had notice of the accrual clause and were operating under it. The plaintiff gave his statutory notice, although it came too late. The plaintiff is, in effect, arguing that the lending bank is under a duty to announce to its mortgagors subject to an accrual clause that each subsequent advance to those mortgagors, otherwise unsecured, is made under the accrual clause, in order to maintain its security ahead of a second mortgage prior to 8 V.S.A. § 1207 notification.

This is not the holding of the *Bloom* case, and, therefore, it is certainly not controlling here. With the recently executed accrual clause in force, the bank was entitled to rely on it even without its constant reaffirmance at the time of each advance. The lower court was justified, on the evidence, in finding, in effect, that in spite of the defendant brokers' disclaimers about

the accrual clause, they understood or ought to be taken to have understood that the advances were secured by the first mortgage.

*Judgment affirmed.*